UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEY FIRSOV,<br><br>        Plaintiff,<br><br>    v.<br><br>AUSTRIAN AIRLINES AG,<br><br>        Defendant. | Case No. 25-cv-03504-NC<br><br>**ORDER TO SHOW CAUSE RE: FEDERAL SUBJECT MATTER JURISDCTION**<br><br>Re: ECF 1 |

In this civil case, Plaintiff Sergey Firsov seeks reimbursement for the cost of tickets for himself and his dogs, as well as other damages, in connection with a multi-leg international airplane trip he took in March 2023 in part with Defendant Austrian Airlines. ECF 1 (Compl.). The Complaint asserts Defendant violated federal and state laws when it restricted Firsov and his dogs' access to the plane corridor and bathroom. Compl. at 3.

Firsov pursues his case without an attorney. The Court previously denied Firsov's application to proceed without paying the Court filing fee and set a deadline of June 30, 2025, for Firsov to pay his filing fee or risk his case being dismissed. ECF 9; ECF 17.

This Order discusses a second procedural hurdle in Firsov's case: federal subject matter jurisdiction. Federal law requires the Court to ensure it has subject matter jurisdiction before it hears the case, even if the parties do not raise the issue. Here, as explained further below, it does not appear that the allegations in the Complaint are

currently sufficient to support the Court's federal subject matter jurisdiction. Firsov must address this by filing a first amended complaint (or, if he believes the Court's analysis to be incorrect, by filing supplemental briefing) by June 30, 2025.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court has an independent duty to determine whether it has subject matter jurisdiction over a case. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The parties cannot waive or forfeit this requirement. *Id*. The party bringing the case in federal court (here, Plaintiff Firsov) has the responsibility of proving that there is subject matter jurisdiction. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). If a federal court determines that it does not have subject matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3); *Brooks v. Geico Ins.*, No. 23-cv-05085 RFL, 2023 WL 8852738, at *1 (N.D. Cal. Dec. 21, 2023).

There are two common ways to establish federal subject matter jurisdiction under statute: (1) diversity jurisdiction, 28 U.S.C. § 1332, and (2) federal question jurisdiction, 28 U.S.C. § 1331. In this case, Firsov's Complaint indicates that subject matter jurisdiction is satisfied by a federal question. Compl. at 2.

"Federal district courts have original federal question jurisdiction of actions 'arising under the Constitution, laws, or treaties of the United States.'" *Sullivan v. First Affiliated Secs., Inc.*, 813 F.2d 1368, 1371 (9th Cir.) (quoting 28 U.S.C. § 1331). Generally, under the "well-pleaded complaint rule," a claim "arises under" federal law only if a federal question appears on the face of Plaintiff's complaint. *See ARCO Env't Remediation, LLC v. Dep't of Health & Env't Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000); *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28 (1983) ("federal courts have jurisdiction to hear . . . only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law").

Here, Firsov's Complaint states that the Court has federal question jurisdiction

1 under the "Montreal Convention, Discrimination [], Civil Rights, Breach of contract,
2 AWA, [and] Animal abuse." Compl. at 2. The Court, as it explains below, finds that
3 Firsov did not sufficiently allege any valid federal claims, and that he therefore does not
4 have federal question jurisdiction.

    1. **Montreal Convention** – Firsov alleges Defendant violated the Montreal Convention in Counts 1 and 2. Compl. at 5, 6. The Montreal Convention is an international treaty also known as the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106-45 (2000), 1999 WL 33292734 (2000); *see Nankin v. Continental Airlines, Inc*., No. 09-cv-7861 MMM (RZx), 2010 WL 342632, at *3 (C.D. Cal. Jan. 29, 2010). Firsov did not sufficiently allege a violation of the Montreal Convention in either count.

        a. In Count 1, Firsov cites to Articles 1, 17, 20, 21, and 22 to argue that Defendant is responsible for the damage of his baggage. Compl. at 5. While it is true that carriers *can* be responsible for damage of unchecked baggage, this is only so "if the damages resulted from its fault or that of its servants or agents." Montr. Convention, Art. 17. Firsov has not shown that Defendant is at fault. He argues that his baggage was damaged "by dog pee and . . . bad smell" when Defendant's agents restricted his access to the plane corridor and bathroom with his dogs and bag, and thus breached their "duty of care for passangers [sic] and baggage." Compl. at 5. However, Firsov does not explain where the Montreal Convention (or any other statute) creates this alleged duty such that Defendant is at fault. Firsov also fails to explain how the Montreal Convention gives him his requested remedy of being awarded the "cost of dogs, cost of Plaintiff ticket, cost of dog ticket, pay interest 10% per year from whole amount, pay for emotional distress and pay punitive damages," as Article 17 only provides that the carrier is liable for

United States District Court
Northern District of California

3

"damages sustained." Compl. at 5; *see e.g., Bassam v. American Airlines*, 287 F. App'x 309, 317 (5th Cir. 2008) (stating that damages for purely emotional injuries are not available under the Montreal Convention).

    b. In Count Two, Firsov claims that Defendant violated the Montreal Convention when it "failed to inform passengers that access to toilet is restricted with animal or with ANY bag" because "airlines have a duty to provide information about future flights, configuration of toilets and access to public places." Compl. at 6. Again, Firsov does not explain where the Montreal Convention creates this duty or where it gives him a remedy for the alleged violation.

2. **Discrimination (ACAA)** – In Count Three, Firsov alleges that Defendant discriminated against him under the Air Carrier Access Act (ACAA), 49 U.S.C. § 41705, when it denied him "access to restroom and public corridor to feed animal and make some bathroom needs." Compl. at 7. The ACAA prohibits air carriers from discriminating against individuals with physical or mental impairments. Here, Firsov does not allege any elements required for the ACAA, such as that he has a "physical or mental impairment that substantially limits one or more major life activities." 49 U.S.C. § 41705(a)(1); *see* Compl. at 7 (merely stating he has a "mental disoder [sic]"). He instead appears to argue that Defendant discriminated against him "because he is Russian," which is irrelevant to an ACAA inquiry. Compl. at 7. Firsov therefore did not sufficiently allege a violation of ACAA.

3. **Civil Rights** – In Count Eight, Firsov alleges that Defendant violated his civil rights under the 14th Amendment pursuant to 42 U.S.C. § 1983. To sufficiently allege a § 1983 claim, a plaintiff "must show that the alleged deprivation was committed by person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Firsov fails to sufficiently allege that Defendant was acting

under the color state law when it allegedly violated the Fourteenth Amendment; it is not enough to state that Defendant "acted under close government regulation." Compl. at 13; s*ee Lugar v. Edmondson Oil Co*., 457 U.S. 922, 939 (1982) ("Action by a private party pursuant to this statute, without something more, was not sufficient to justify a characterization of that party as a 'state actor.'"). Firsov therefore did not sufficiently allege a violation of 42 U.S.C. § 1983.

4. **Breach of Contract** – Firsov alleges a breach of contract in Counts Four and Six. However, breach of contract is a state law claim and not a federal law claim. *Gomez v. Celebrity Home Health & Hospice Inc.*, No. cv-16-02754-PHX-JJT, 2017 WL 1282803, at *4 (D. Ariz. Apr. 6, 2017) (stating that the plaintiff's breach of contract claim is a state law claim). Firsov therefore did not allege a federal claim by alleging a breach of contract.

5. **Animal Welfare Act (AWA)** – In Count Nine, Firsov references the Animal Welfare Act (AWA), 7 U.S.C. § 2131 *et seq*., when alleging that Defendant committed animal abuse. Compl. at 14. However, Firsov does not specify what section of AWA he is suing under. *Id.* Firsov therefore did not sufficiently allege a violation of AWA.

6. **Animal Abuse** – In Counts Seven and Nine, Firsov alleges that Defendant committed animal abuse. Beyond AWA, Firsov also references PETS Act, 42 U.S.C. § 5121 *et seq.*, and "[a]nimal cruelty laws (federal and state)." Compl. at 12, 14. However, like his AWA claim, Firsov does not specify what sections of the PETS Act[1] or what other federal statutes he is seeking relief under. While he conclusorily states that an airline has a "duty of care [to] passengers, baggage and toward animals to ensure that basic needs were met," he does not cite to any statutes creating this right or providing relief under this right. Firsov therefore

---

[1] Further, the PETS Act applies to pets and animals following a major disaster or emergency, which Firsov has not alleged occurred here.

5

did not sufficiently allege any federal violations regarding animal abuse.

In conclusion, Firsov's Complaint, as currently pleaded, is insufficient to establish the Court's federal subject matter jurisdiction because it fails to adequately allege a federal claim. Firsov is ordered to file a first amended complaint or a writing explaining how federal subject matter is satisfied. The first amended complaint or written response to this Order must be filed by June 30, 2025. Firsov is cautioned that if he does not timely respond the Court will recommend the dismissal of his case. Firsov is guided to the free legal resources available for self-represented litigants at the Federal Pro Se Help Desk, telephone 408.297.1480.

**IT IS SO ORDERED.**

Dated: May 30, 2025

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

6