UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SERGEY FIRSOV,

　　　　　　　Plaintiff,

　　　v.

AUSTRIAN AIRLINES AG,

　　　　　　　Defendant.

Case No.  5:25-cv-03504-PCP

**ORDER DENYING MOTION TO TRANSFER VENUE**

Re: Dkt. No. 57

Plaintiff Sergey Firsov sought reimbursement for the cost of tickets for himself and his dogs, as well as other damages, in connection with a multi-leg international flight he took in March 2023 in part with defendant Austrian Airlines. Austrian Airlines moved to dismiss his complaint for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6), and for failure to comply with a court order, Fed. R. Civ. P. 41(b). The Court granted the motion. Dkt. 53. Firsov now moves to transfer venue to the District of Columbia.

A court may transfer an action to another district for the convenience of the parties and witnesses, or in the interest of justice. 28 U.S.C. § 1404(a). If a court chooses to exercise its discretion to consider a motion to transfer, it must weigh a variety of factors. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000); *Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 993 (N.D. Cal. 2011). The party seeking the transfer bears the burden of showing that when these factors apply, a transfer is clearly favored. *Lax v. Toyota Motor Corp.*, 65 F. Supp. 3d 772, 776 (N.D. Cal. 2014) (citing *Commodity Futures Trading Comm'n v. Savage,* 611 F.2d 270, 279 (9th Cir. 1979)). Because Firsov fails to address any of the factors governing whether the case should be transferred, he has not met his required burden. Therefore, the Court DENIES the motion.

United States District Court
Northern District of California

**IT IS SO ORDERED.**

Dated: May 22, 2026

_____
P. Casey Pitts
United States District Judge

United States District Court
Northern District of California

2